UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

JOHN J. FRAZER,

    Plaintiff,

v.

DAVID PAUL, WARDEN, et al.,

    Defendants.

Civil Action No. 5: 25-257-KKC

**MEMORANDUM OPINION
AND ORDER**

\*\*\* \*\*\* \*\*\* \*\*\*

Federal inmate John Frazer has filed a *pro se* civil rights complaint pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). [R. 1]. The Court has granted him *pauper* status by separate Order. This matter is before the Court to conduct the preliminary screening required by 28 U.S.C. §§ 1915(e)(2), 1915A. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

When testing the sufficiency of the plaintiff's complaint, the Court affords it a forgiving construction, accepting as true all non-conclusory factual allegations and liberally construing its legal claims in the plaintiff's favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012). A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010).

In his complaint, Frazer alleges that unnamed mailroom employees at the Federal Medical Center in Lexington, Kentucky have opened and inspected his legal mail. [R. 1 at 3] They have done so, he alleges, disregarding markings on the envelopes which indicate that they must be opened only in his presence. *See id*. at 3-6. He contends that doing so violates prison regulations

and unspecified rights under the First Amendment. *See id*. at 7-8. Frazer indicates that he filed a formal grievance regarding this issue on May 15, 2025, but that he has not yet received a response from the warden and the deadline to do so has passed. He therefore asserts that the warden "abandoned the process at the first 2 levels …" *See id*. at 6-7, 10-14.

The Court will dismiss the complaint upon initial review for failure to exhaust administrative remedies. The Court may dismiss a complaint upon initial screening where the failure to exhaust is apparent from the face of the complaint. *Cf. Jones v. Bock*, 549 U.S. 199, 215 (2007); *Shah v. Quintana*, No. 17-5053, 2017 WL 7000265, at *1 (6th Cir. July 17, 2017). Federal law requires a prisoner to fully utilize the prison's inmate grievance system before filing suit to assert a civil claim regarding the conditions of his confinement. 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court.").

The BOP's Inmate Grievance System requires a federal prisoner to file a formal grievance with the warden within twenty days after the event complained of, and to file appeals to the Regional Office and then the Central Office if he is not satisfied with the response. 28 C.F.R. §§ 542.14(a), .15(a). The prisoner must exhaust those remedies "properly," meaning in full compliance with the agency's deadlines and other critical procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006); *Scott v. Ambani*, 577 F.3d 642, 647 (6th Cir. 2009).

Pertinent here, "[i]f the inmate does not receive a response from the BOP within the time allowed (including any permitted extensions), the prisoner may consider the absence of a response to be a denial at that level." *Jordan v. Lemaster*, No. 0:22-CV-43-REW, 2023 WL 4052485, at *5 (E.D. Ky. June 16, 2023) (*citing* 28 C.F.R. § 542.18). Because an appeal is then available, the prisoner must take advantage of that avenue for further review; he may not abandon further efforts

2

at compliance. *See Greene v. United States*, No. 6:19-CV-00024-GFVT, 2021 WL 1214499, at *14-15 (E.D. Ky. Mar. 30, 2021), *aff'd*, No. 21-5398, 2022 WL 13638916 (6th Cir. Sept. 13, 2022); *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999) ("An inmate cannot simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies or that it is futile for him to do so."). Here, Frazer admits that he did not file an appeal with the Mid-Atlantic Regional Office despite the availability of that avenue. He therefore failed to exhaust his administrative remedies prior to filing suit. *Liggett v. Mansfield*, 2009 WL 1392604, at *2-3 (E.D. Tenn. May 15, 2009) ("A prisoner who files a grievance but does not appeal to the highest possible administrative level, does not exhaust available administrative remedies."). The Court will therefore dismiss this case, without prejudice to Frazer's right to file a new action once he has fully initiated and exhausted the grievance process.

Accordingly, the Court **ORDERS** as follows:

1. John Frazer's complaint [R. 1] is **DISMISSED** without prejudice;

2. This matter is **STRICKEN** from the docket.

Entered: August 4, 2025.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY

3